IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION



U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JAN - 4 2010

CLERK, U.S. DISTRICT COURT
By _____
Deputy

| | | |
|---|---|---|
| JOVONIE ROGERS | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-09-CV-1550-M |
| RICK THALER, Director | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division | § | |
| | § | |
| Respondent. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Jovonie Rogers, a Texas prisoner, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons stated herein, the application should be dismissed on limitations grounds.

I.

In 1992, petitioner was convicted of murder and sentenced to 99 years confinement. His conviction and sentence were affirmed on direct appeal. *Rogers v. State*, No. 05-92-00507-CR, 1994 WL 121055 (Tex. App.--Dallas, Apr. 4, 1994, no pet.). Petitioner also filed two applications for state post-conviction relief. The first application was denied without written order. *Ex parte Rogers*, WR-32,737-01 (Tex. Crim. App. Feb. 5, 1997). The second application was dismissed as successive. *Ex parte Rogers*, WR-32,737-02 (Tex. Crim. App. Sept. 10, 2008). Petitioner then filed this action in federal district court.

II.

In four grounds for relief, petitioner contends that: (1) the prosecutor systematically excluded African-Americans from jury service based on an unconstitutional policy, custom, or practice of the Dallas County District Attorney's Office; (2) the trial court improperly overruled his *Batson* objection; (3) the evidence was insufficient to support his conviction; and (4) he received ineffective assistance of counsel.

Respondent has filed a preliminary response in which he argues that this case is barred by the AEDPA statute of limitations. Petitioner addressed the limitations issue in a pleading filed on November 12, 2009. The court now determines that the habeas petition is time-barred and should be dismissed.

A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year statute of limitations for federal habeas proceedings brought under 28 U.S.C. § 2254. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996, Pub.L. 104-132, 110 Stat. 1214 (1996). The limitations period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>    (D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

See 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. Id. § 2244(d)(2).

The AEDPA became effective when it was signed into law on April 24, 1996. See United States v. Patterson, 211 F.3d 927, 929 (5th Cir. 2000). However, the Fifth Circuit has allowed prisoners a one-year grace period in which to file claims for federal habeas relief. United States v. Flores, 135 F.3d 1000, 1005 (5th Cir. 1998), cert. denied, 119 S.Ct. 846 (1999); see also Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) (clarifying that one-year grace period extends filing date to April 24, 1997). The AEDPA statute of limitations is also subject to equitable tolling in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998), cert. denied, 119 S.Ct. 1474 (1999).

### B.

Petitioner was sentenced to 99 years in prison for murder. His conviction was affirmed by the court of appeals on April 4, 1994, and petitioner did not seek further review by way of a motion for rehearing or a petition for discretionary review. Therefore, his conviction became final 30 days thereafter, or on May 4, 1994. TEX. R. APP. P. 68.2(a) (PDR must be filed within 30 days after state appeals court renders judgment or overrules motion for rehearing); see also Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (state conviction becomes final for limitations purposes when time for seeking further direct review expires, regardless of when mandate issues). Petitioner filed two

applications for state post-conviction relief. The first application was filed on November 2, 1995, and was denied on February 5, 1997. The second application was filed on July 8, 2008, and was dismissed on September 10, 2008. Petitioner filed this action in federal court on August 15, 2009.

The one-year limitations period started to run on April 24, 1996--the date the AEDPA was enacted. Because petitioner's first state writ was pending at the time, the statute of limitations was tolled until February 5, 1998--one year after the Texas Court of Criminal Appeals denied post-conviction relief. *See Windland v. Quarterman*, 578 F.3d 314, 317-18 (5th Cir. 2009). Yet petitioner waited another *11 years* before seeking federal habeas relief. In an attempt to salvage his claims, petitioner argues that the AEDPA statute of limitations did not begin to run until June 13, 2005, the date the United States Supreme Court decided *Miller-El v. Dretke*, 545 U.S. 231, 125 S.Ct. 2317, 162 L.Ed.2d 196 (2005). According to petitioner, *Miller-El* created a new rule of constitutional law regarding the discriminatory jury selection practices of the Dallas County District Attorney's Office, and he could not have discovered the factual predicate of his jury selection claim until that case was decided.[1] However, *Miller-El* did not create a new rule of constitutional law. Rather, it applied the rule set out in *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), which was decided *10 years* before the AEDPA became effective. *See, e.g. Minard v. Quarterman*, No. 3-08-CV-0415-N, 2008 WL 2462040 at *2 (N.D. Tex. Jun. 12, 2008); *Johnson v. Quarterman*, No. 3-06-CV-1746-L, 2006 WL 3478342 at *2 (N.D. Tex. Nov. 30, 2006), *COA denied*, No. 07-10016 (5th Cir. Dec. 11, 2007); *Baltzgar v. Quarterman*, Nos. 3-06-CV-0557-P &

---

[1] In *Miller-El*, the Supreme Court reversed a Dallas County capital murder conviction and death sentence because the prosecutor used his peremptory challenges to exclude African-Americans from jury service based on their race. The majority opinion was particularly critical of an article written by former Assistant District Attorney Jon Sparling suggesting possible reasons for striking minorities from juries. *See Miller-El*, 125 S.Ct. at 2339. The Sparling article was part of a manual distributed to Dallas County prosecutors, including the prosecutors who tried *Miller-El*. *Id.*

3-06-CV-0940-P, 2006 WL 2336941 at *2 (N.D. Tex. Aug. 10, 2006), *COA denied*, No. 06-11285 (5th Cir. Oct. 20, 2008). Therefore, petitioner may not rely on 28 U.S.C. § 2244(d)(1)(C) or (D).[2]

Nor is petitioner entitled to equitable tolling. Equitable tolling is not permitted merely because petitioner believes he is entitled to relief. *See Melancon v. Kaylo*, 259 F.3d 401, 408 (5th Cir. 2001) (citation omitted) ("Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."). Even a claim of actual innocence does not constitute a "rare and exceptional" circumstance sufficient to toll the statute of limitations. *See, e.g. Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 121 S.Ct. 622 (2000); *Fites v. Quarterman*, No. 3-06-CV-0559-M, 2006 WL 2356017 (N.D. Tex. Aug. 15, 2006); *Garcia v. Dretke*, No. 3-05-CV-2334-B, 2006 WL 249951 at *3 (N.D. Tex. Jan. 11, 2006), *rec. adopted*, Jan. 25, 2006, *COA denied*, No. 06-10264 (5th Cir. Sept. 12, 2006); *Mason v. Cockrell*, No. 3-03-CV-0483-H, 2003 WL 21488226 at *2 (N.D. Tex. Apr. 23, 2003), *COA denied*, No. 03-10518 (5th Cir. Dec. 9, 2003). Without a basis for statutory or equitable tolling of the AEDPA limitations period, petitioner's claims are time-barred and should be dismissed.

## **RECOMMENDATION**

Petitioner's application for writ of habeas corpus is barred by limitations and should be dismissed with prejudice.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file

---

[2] Even if the AEDPA statute of limitations did not begin to run until *Miller-El* was decided, petitioner's federal writ is still untimely. Petitioner did not file a second application for state post-conviction relief until July 8, 2008, and did not seek federal habeas relief until August 15, 2009--more than *three years* after the Supreme Court decided *Miller-El*.

specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 4, 2010.

_____
JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE